■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT D. HALL, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 25, 1982, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree. ¶ In the early morning hours of August 18, 1981, Officer Nunzio Congemi of the Albany Police Department observed an automobile containing five males entering the Stop-N-Go Market parking lot on Central Avenue in the City of Albany. All five occupants exited the vehicle, and the officer noticed that the automobile and the occupants fit the description of the perpetrators of a robbery committed in the City of Schenectady less than an hour before. The five individuals then re-entered the vehicle and drove away, whereupon the officer stopped the vehicle, approached the driver, and as he directed his flashlight to the interior of the car, he observed the pearl handle of a revolver protruding from under the seat occupied by the driver. Defendant was seated in the rear of the vehicle. All occupants were arrested and, thereafter, defendant was indicted for criminal possession of a weapon in the third degree. He was tried and convicted of the charge contained in the indictment. This appeal ensued. ¶ The central issue on this appeal concerns occurrences after submission of the case to the jury. They commenced their deliberations at approximately 4:15 P.M. on June 15, 1982. At

4:45 P.M., the jury requested additional instructions and, after receiving such, resumed deliberation until they recessed for dinner from 6:25 P.M. to 7:40 P.M. At approximately 8:00 P.M., the jury sent a note to the clerk of the court which read as follows: "We are at a stalemate. Two jurors feel it was not proven defendant knew gun was in the car. Is it the responsibility of the defense counsel or prosecutor to prove whether or not he knew the gun was in the car?" The Trial Judge was called at his residence but was unable to return to the courthouse until 10:05 P.M., since no one was available to care for his infant son at home. Upon the Trial Judge's arrival, he was informed that at approximately 10:00 P.M., the jury advised the clerk of the court that they had arrived at a verdict. The Trial Judge refused to accept the verdict until he instructed them with respect to their 8:00 P.M. inquiry. It is the wording of that instruction which gives rise to one of the issues on this appeal. The jury resumed deliberations at 10:10 P.M. and returned a verdict of guilty at 10:15 P.M. Defendant was thereafter sentenced to an indeterminate term of imprisonment with a minimum term of two and one-third years and a maximum term of seven years. ¶ In response to their inquiry, the Trial Judge advised the jury that there were five elements of the crime in question, and properly instructed them as to proof beyond a reasonable doubt and the burden placed upon the People. However, he also inserted in his additional instructions the following: *"It doesn't really make any difference who proves what* so long as when you look at that evidence, if you are satisfied beyond a reasonable doubt, you will find the defendant guilty" (emphasis added). Thus, defendant contends that he was denied a fair trial because the supplemental charge was substantially prejudicial to him, as well as the two-hour delay in responding to the request for additional instructions. We agree. ¶ It is well-settled law that the court must reply to a jury's request for information or instruction with a meaningful response, and that a failure to do so is reversible error (see CPL 310.30; *People v Malloy,* 55 NY2d 296, 298; *People v Jackson,* 20 NY2d 440, 454, cert den 391 US 928; *People v Miller,* 6 NY2d 152, 156). The request submitted by the jury demonstrates the confusion and doubt that existed in the minds of the jury with respect to the burden of proof on a crucial issue. A two-hour delay in responding to such a request, which occurred at a time subsequent to the jury's report that it had reached a verdict, followed by a mere five-minute additional deliberation after hearing the supplemental charge, compounds the problem and supports the contention that there was a failure to meaningfully respond to the jury's inquiry. The jury is entitled to the guidance of the court and may not be relegated to its own unfettered course of procedure (see *Lee v Mount Ivy Ind. Developers,* 31 AD2d 958). Here it is clear that either the jury did not understand the charge, or if it did, it failed to undertake any meaningful discussion with respect thereto and clung to its previously reached verdict, determined at a time when it was left to its own conclusions (*People v Gezzo,* 307 NY 385). ¶ We find the other arguments of defendant without merit. There was probable cause to arrest defendant and admission of the gun into evidence was proper (*People v Landy,* 59 NY2d 369). The evidence adduced at trial was sufficient to establish the guilt of defendant beyond a reasonable doubt (*People v Lemmons,* 40 NY2d 505, 510) and, under the circumstances, the sentence imposed was neither harsh nor excessive (*People v Dittmar,* 41 AD2d 788). ¶ Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Kane, J. P., Main, Casey, Levine, and Harvey, JJ., concur.