THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA A. CHANDLER, Appellant. — Main, J.

Defendant was indicted for one count of grand larceny in the second degree and two counts of grand larceny in the third degree after she allegedly stole money from an Albany County attorney for whom she worked as a secretary. After a jury trial, defendant was found guilty and sentenced to concurrent terms of 2⅓ to 7 years on the conviction of grand larceny in the second degree and 1⅓ to 4 years on each of the convictions for grand larceny in the third degree. On this appeal, defendant claims that she was denied a fair trial and that her sentence is harsh and excessive.

We are unpersuaded by defendant's claim that she was denied a fair trial because the prosecutor did not provide discovery material in a timely fashion and County Court did not grant a continuance, made comments adverse to defendant and failed to respond to a jury request for testimony to be reread. Reviewing the record, we cannot say that County Court abused its discretion in denying the request for a continuance (*see, People v Mertens,* 97 AD2d 595, 596). Defendant had copies of the checks which were sought for several days before testimony commenced, and County Court made clear that if any additional time was needed by defendant during the trial, such time would be made available. Any delay that might have been occasioned by the prosecution in producing the copies of the checks cannot be deemed prejudicial, for the checks were not crucial evidence (*see, supra*) in the sense that defendant did not deny filling them

out and cashing them, but merely disputed the circumstances in which she did so.

County Court also did not deny defendant a fair trial by making rulings and comments adverse to defendant since, after reading the trial transcript as a whole, it does not appear that County Court favored either the prosecution or defendant in its actions, comments and rulings to any appreciable degree. We note that certain records which defendant claims she was not permitted to review so as to adequately prepare for cross-examination of a prosecution witness were admitted into evidence by defendant and the jury was able to consider these records. We further note that defendant did not attempt to call this prosecution witness after she secured these records.

We are disturbed by County Court's failure to respond to the jury's request for testimony to be reread. The record reveals that the Trial Judge was not present when the jury made its request and that some 50 minutes elapsed before he returned to the courtroom. During this time, the jury canceled its request and reported that it had reached a verdict. Although Trial Judges should be more available so as to avoid 50-minute delays in responding to jury requests, we are of the view that, in this case, the delay did not result in the denial of a fair trial to defendant. The jury was polled by County Court to ensure that the delay did not taint its verdict, and there is nothing to indicate that the verdict was so tainted. Furthermore, the delay in this case was significantly shorter than that in *People v Hall* (101 AD2d 956). Moreover, the substance of the request by the jury was entirely different in this case than in *Hall*. For example, the jury herein only sought to have testimony reread and indicated that it was able to resolve the apparent factual question among its members, whereas in *Hall* the jury asked a question as to the applicable law, which it could not competently resolve itself. Under these circumstances, we conclude that defendant was not deprived of a fair trial by the Trial Judge's absence, but add that such absences and resulting delays are best avoided.

As to defendant's claim that the sentence is unduly harsh and excessive, we find insufficient special circumstances presented which would warrant our interference with the sentence imposed by County Court.

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.