THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RITA STURGIS, Appellant.

Memorandum: Defendant contends on appeal that a reversal is required because the court failed to respond meaningfully to the jury's request that testimony be read. We disagree. Since no objection was made to the court's response to the jury's request, the issue was not preserved for review (see, CPL 470.05 [2]) and a reversal in the interest of justice would not be appropriate.

The record reveals that the jury began deliberations at 9:55 A.M.; that the jury's request for testimony was received at 11:51 A.M.; that at 12:13 P.M., the jury was informed, according to the court, "that because of the unavailability you would receive that at two o'clock"; that the jury immediately notified the court that the request to hear testimony was withdrawn; that at 12:25 P.M., the jury indicated that it had reached a verdict; that before the verdict was accepted at approximately 2:30 P.M., the court informed the jury that the testimony previously requested could be provided at that time; that the jury was asked "[i]s it necessary in the jury's mind?" and that the foreperson responded "[n]o, Your Honor, it is not necessary."

It is obvious from the foregoing that this is not a case where the trial court did not meaningfully respond to a jury request (see, CPL 310.30; People v Malloy, 55 NY2d 296, cert denied 459 US 847; People v Gezzo, 307 NY 385; People v Arcarola, 96 AD2d 1081). While the delay we see here should be avoided, it is nevertheless clear that defendant was not deprived of a fair trial (see, People v Chandler, 110 AD2d 970).

We have reviewed defendant's other claim of error and find it to be without merit. (Appeal from judgment of Monroe County Court, Wisner, J.—grand larceny, third degree, and another offense.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.