THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARRERO, Appellant

During jury deliberations the jury requested that both the testimony of a detective and the defendant's testimony be reread. The detective's testimony was read and the trial court then recessed for approximately 20 minutes to conduct court business and to allow the stenographer a rest. As the jury retired to the jury room, the court told the jury to let it know if it wanted to hear the other testimony. During the recess, the jury sent a note indicating they had reached a verdict. The court thereafter polled each juror to ascertain if he or she wished to hear the defendant's testimony and each juror declined. The defendant asserts that the delay was prejudicial and that the court improperly influenced the jury. We disagree. The trial court at all times meaningfully responded to the jury's request for information *(see,* CPL 310.30; *see also, People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847). There was no delay in initially responding to the jury's request and the court's remarks to the jurors prior to the recess indicate a continued willingness to abide by the wishes of the jurors. As the subsequent poll reveals, the jurors did not need to rehear the defendant's testimony. It is apparent that the jury sought to resolve a factual question which it could competently resolve itself, and did so resolve, upon hearing the detective's testimony *(cf., People v Chandler,* 110 AD2d 970, 971).

The verdict sheet complied in all respects with the requirements of CPL 310.20 (2) *(see, People v Torres,* 134 AD2d 633). We decline to modify the sentence imposed in the interest of justice.

Finally, we have reviewed the defendant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.