■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND ELIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered December 22, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion when, in response to a jury request that certain portions of each witnesses' testimony be read to them, it segmented its response and read only the testimony of the first two witnesses, advising the jury that the balance of the requested testimony would be read as

soon as the court stenographer was able to locate it. The trial court at all times meaningfully responded to the jury's request for information, and the court's remarks to the jury when the partial readback was given indicated a continued willingness to abide by the wishes of the jurors *(see,* CPL 310.30; *see also, People v Lourido,* 70 NY2d 428, 435; *People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Carrero,* 140 AD2d 533, *lv denied* 72 NY2d 955). It is apparent that the jury sought to resolve a factual question, which it did so resolve, after hearing a rereading of portions of the testimony of the first two witnesses *(see, People v Carrero, supra; cf., People v Chandler,* 110 AD2d 970, 971).

Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.