■ ·THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BARBELLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered February 18, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a defective and prejudicial verdict sheet was submitted to the jury is not preserved for appellate review inasmuch as he failed to object to its submission *(see,* CPL 470.05 [2]; *People v Mathis,* 150 AD2d 613; *People v Decambre,* 143 AD2d 927). Moreover, we find that the circumstances presented in this case do not warrant review of the contention in the exercise of our interest of justice jurisdiction *(see, e.g., People v Mathis, supra).*

Contrary to the defendant's present claim, the Trial Justice did not fail to respond meaningfully to an inartfully worded and confusing note from the jury *(see,* CPL 310.30; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). The record reveals that the Trial Justice summoned the jurors to the courtroom, explained that he was confused as to the precise nature of their inquiry, and informed them that he wished to refrain from guessing at the meaning of their note. He then appropriately advised the jurors that they could submit a clarification of their note if they needed further instructions or could simply continue their deliberations. The jurors chose to continue deliberating and subsequently indicated that they had reached a verdict. Before receiving the verdict, the court questioned the jurors and ascertained that they had deemed further instructions unnecessary in resolving the issues before them. Under these circumstances, the fact that the Trial Justice provided the jury with the option of continuing to deliberate was clearly not improvident, inasmuch as his remarks demonstrated his continued willingness to abide by the jurors' wishes *(see, e.g., People v Elie,* 150 AD2d 719; *People v Carrero,* 140 AD2d 533).

Finally, we find that the rejection of the defendant's extreme emotional disturbance defense, as reflected in the jury's verdict, was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.