■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN DOWNER, SR., Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered November 30, 1987, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the first degree.

Defendant appeals his plea-bargained conviction of first degree attempted sodomy, contending that he was not effectively represented at his sentencing hearing and that the sentence he received, 5 to 15 years in prison, was excessive. Finding no merit to defendant's contentions, we affirm.

A review of the sentencing minutes and presentence report reveals that, under the circumstances, the performance of defendant's attorney did not result in any actual or substantial disadvantage to defendant *(see, People v Sneed,* 116 AD2d 676, 677) or any denial to defendant of "meaningful representation" at sentencing *(see, People v Baldi,* 54 NY2d 137). Defendant's conjectures regarding tactics that counsel could have undertaken at sentencing amount to the practice of "according undue significance to retrospective analysis" *(People v Baldi, supra,* at 146) we are to avoid in assessing the effectiveness of defendant's representation.

Equally without merit is defendant's contention that his sentence is excessive. "[S]entencing is a matter resting within the sound discretion of the trial court, and the sentence imposed should not be reduced on appeal unless the defendant has shown an abuse of the trial court's discretion or extraordinary circumstances" *(People v Tinning,* 142 AD2d 402, 408-409, *lv denied* 73 NY2d 1022). We find no abuse of discretion in this case, nor any extraordinary circumstances that would compel us to disturb the sentence and, therefore, affirm.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.