◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHERMAN, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered June 30, 1988, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant waived indictment and entered a counseled plea of guilty to a superior court information charging him with a single count of burglary in the third degree, committed on January 12, 1988. His only contention on this appeal is that County Court erred in accepting his plea because the plea allocution failed to establish that he entered or remained unlawfully in premises (see, Penal Law § 140.00 [5]), an indispensable element of the crime, and that the judgment of conviction should be vacated as a result. In our view, although the plea allocution did fail to establish that defendant entered or remained unlawfully in premises in connection with the January 12, 1988 incident, there should nevertheless be an affirmance.

A review of the record reveals that defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction rendered thereon. Thus, the issue has not been preserved for our review (see, People v George, 137 AD2d 876). Moreover, it is fundamental that a bargained-for guilty plea makes unnecessary a factual basis for the particular crime confessed so long as there is a factual predicate for a crime of an equal or higher level which is satisfied by the plea (see, People v Perrotti, 153 AD2d 992). Here, defendant entered the guilty plea in full satisfaction of "all the charges pending against him". Separate felony complaints had been filed charging defendant with having committed the crime of burglary in the second degree on January 12, 1988 and again on February 1, 1988. In a written confession, defendant acknowledged that on the latter occasion he and his girlfriend went to an apartment building and, while the girlfriend kept the tenant "occupied", defendant entered an upstairs apartment unseen, went into a bedroom and took money. Since defendant had no license or privilege to enter the apartment on that occasion (cf., People v Insogna, 86 AD2d 979), there was factual support for the element of unlawful entry. Inasmuch as the February 1, 1988 burglary was satisfied as part of the plea agreement, we see no basis for setting aside the plea, which the record demonstrates was knowingly and voluntarily entered with the assistance of competent counsel (see, People v Caban, 131 AD2d 863). That defendant was not formally

charged in County Court with the February 1, 1988 burglary, having waived indictment, is of no moment.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.