■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT HADDEN, Appellant.—Weiss, J.

The indictment in this case charged that defendant caused the death of his 28-day-old baby daughter by throwing her into the crib with force so great that the child struck her head, suffering a fatal injury. It was further alleged that defendant did not seek any medical care for his daughter until the next morning. The child died the following day from hemorrhaging as the result of a fractured skull. Defendant was charged with murder in the second degree and pleaded guilty to the reduced charge of manslaughter in the first degree pursuant to a negotiated plea bargain.

On this appeal, defendant contends that questions by County Court during the plea allocution and his responses mandated further inquiry. Although defendant stated that he had no recollection of throwing the baby into the crib and that he had been drinking, he unequivocally admitted that he caused his daughter's death. Statements by defense counsel and the prosecutor provided the court with the relevant information concerning the events and described the entirety of the circumstances.

In an extensive written statement for the Probation Department and County Court after his plea and prior to sentencing, defendant stated that he had alcohol and drug problems, that he had suffered a blackout (of which he has a history) and that, while he was scared that he may have hurt the child, he thought the child was all right when he went to bed. However, defendant neither moved to withdraw his plea (CPL 220.60 [3]) nor to vacate the judgment (CPL 440.10) and therefore has failed to preserve for appeal the issue of the sufficiency of the plea allocution (see, People v Sherman, 157 AD2d 914; People v Martinez, 125 AD2d 829).

Nor do we find that a reversal is required in the interest of justice. "There was no need to make a factual inquiry where, as here, there was a bargained-for guilty plea to a lesser or hypothetical crime" than charged in the indictment (People v Armer, 119 AD2d 930, 934; see, People v Downer, 157 AD2d 913; People v Moore, 71 NY2d 1002, 1006; People v Clairborne, 29 NY2d 950, 951). The court's inquiry of defendant, coupled with the unrefuted statements of defense counsel and the prosecutor, sufficiently established that defendant fully understood the charges and the plea (see, People v Moore, supra; People v Lopez, 71 NY2d 662, 666; People v Sherman, supra). Moreover, there has been no showing that the plea was anything but knowing and voluntary.

Defendant's contention that the bargained sentence of 8⅓ to 25 years in prison, the maximum for a class B felony, is harsh and excessive has no merit. There was a reduction from a more serious offense, which carried a minimum sentence of 15 years' to life imprisonment. There is no suggestion of an abuse of discretion, nor any extraordinary circumstances which would compel us to disturb the sentence imposed (see, People v Downer, supra).

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.