■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE J. GRAHAM, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 17, 1988, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant and two codefendants were indicted by a Grand Jury and charged with two counts of murder in the second degree. After a jury trial, defendant was found guilty of the crime of murder in the second degree in that he caused the death of another person under circumstances evincing a depraved indifference to human life in violation of Penal Law § 125.25 (2). He was sentenced to an indeterminate term of incarceration of 25 years to life and now appeals his conviction.

Review of the record discloses the following facts. The victim, Benito Solar, came home on February 21, 1987 and told his wife and others that he had been assaulted by three black men after he refused to buy some marihuana from them. He then rushed out of the house accompanied by a friend, Richard Marrero, to "follow the men." Marrero testified that Solar agreed to only locate the three men and then inform the Albany City Police of their whereabouts.

Solar and Marrero drove to the area of the alleged earlier assault and spotted the three men. Upon seeing Solar and Marrero approaching, two of the three men began running and disappeared from view. One continued walking. Solar double-parked the car and exited for a better look at where the two men went. At some point the two men emerged from a house and were joined by the third man on the sidewalk. The three men then went after the retreating Solar and Marrero. Two of the three men were holding beer bottles in their upraised hands. Marrero saw two of the men standing over Solar, who was on the ground, hitting and kicking him about the head. Marrero identified defendant as one of those kicking Solar. After fleeing the scene, Marrero called the police.

A 15-year-old neighbor boy, James Nelson, testified that he saw defendant and another man "stomping [Solar], pushing him in his face, kicking him and everything". Nelson also testified that after they were finished, defendant and the other man dragged Solar to the front of a house two doors down, deposited him there, and then ran into the basement of the house.

The police arrived at the scene and discovered the badly beaten and bleeding Solar. A witness at the scene, Edna Pettigrew, told police that the men who had beaten Solar had run into the house with the new stairs. Several police officers surrounded the house. They demanded entrance and eventually one of the three men opened the rear door. The police entered and placed two of the three men under arrest. Defendant was discovered hiding under a bed wearing bloodstained sneakers. He was also placed under arrest. At the scene, Officer Richard Franklin read defendant his *Miranda* rights from a card. Defendant responded that he understood each right. When Franklin asked defendant what had happened, defendant responded that he had "put the boot to the m____ f____". Defendant made a similar statement when he emerged from the booking room at the police station. Solar subsequently died as a result of injuries sustained. Defendant's pretrial motion to suppress the oral statements made to the police on the ground that the utterances were obtained as the result of an illegal arrest, was denied.

On this appeal defendant contends that (1) County Court erred in refusing to suppress certain inculpatory statements of defendant on the ground that they were the fruit of a warrantless and illegal arrest, (2) the court's rulings at trial relating to alleged prosecutorial misconduct and the admission of evidence, along with its delayed response to the jury's note for further instructions and re-reading of testimony, were in error, (3) the court should not have refused to charge on the defense of justification, (4) the court should have dismissed the case for lack of sufficient evidence that defendant caused the death of Solar, and (5) the court abused its discretion in imposing an allegedly harsh and excessive sentence. These contentions of defendant are without merit. The judgment of conviction should therefore be affirmed in all respects.

There is no merit to the claim that the warrantless arrest was illegal and that the oral inculpatory statements of defendant were therefore inadmissible (*see, People v Levan,* 62 NY2d 139, 144; *People v Mealer,* 57 NY2d 214, 218, *cert denied* 460 US 1024). Exigent circumstances existed justifying the

police action *(see, Payton v New York,* 445 US 573). A scrutiny of the facts and circumstances of the case indicate that the gravity of the crime was readily apparent from the condition of the victim. The police arrived at the scene shortly after the commission of the crime. They found the victim lying on the ground bleeding profusely from the face and aspirating in his own blood. His facial features were badly disoriented and he looked as if he might have been cut in "some way, somehow, about his face". In view of the nature and viciousness of the attack the police had reason to believe the attackers were dangerous men, possibly armed. The police had a reliable basis to believe that the suspects were inside the house they eventually entered based on the initial report of the incident. Pettigrew, who would have been subject to criminal prosecution had she knowingly imparted false information to the police *(see,* Penal Law § 240.50 [3] [c]; *People v Flannagan,* 56 AD2d 289, 291), advised the police that the three suspects went into the basement of the house. Suspicion was further aroused by the activity of the occupants of the basement apartment after the police made their presence known. Thus, it was necessary for the police to enter the premises, not only to ascertain the presence of the three attackers and apprehend them *(see,* CPL 140.10 [1] [b]; *People v Johnson,* 66 NY2d 398, 402, n 2), but also to obtain evidence and prevent its destruction *(see, People v Calhoun,* 49 NY2d 398, 403; *People v Odenweller,* 137 AD2d 15, 17). Accordingly, the arrest was lawful and County Court properly denied defendant's motion to suppress the oral statements.

Defendant next argues that the prosecutor's remarks during summation which attacked defendant's declarations that he "put the boot" to Solar were an impermissible reference to his pretrial silence *(see, People v Conyers,* 52 NY2d 454, 458). This argument is not persuasive *(see, People v Balls,* 118 AD2d 887, 889, *affd* 69 NY2d 641). The comment of the prosecutor in this regard was to show defendant's cold, callous state of mind which evidenced pride in what he had done. The prosecutor's remarks were not directed at defendant's silence, but at his verbal utterances which tended to demonstrate a depraved state of mind. Defendant's claim that other remarks by the prosecutor during summation were so prejudicial as to require reversal is similarly without merit. The remarks complained of did not exceed the limits of fair comment, were cured by County Court's instructions and, thus, were not so prejudicial as to deprive defendant of a fair trial *(see, People v Ashwal,* 39 NY2d 105, 109).

Defendant's next contention, that the admission of the autopsy photographs showing fractures of Solar's skull, hemorrhage of the brain and bleeding on the surface, were inflammatory and deprived defendant of a fair trial, also lacks merit. County Court did not err in admitting these photographs since they were probative on the question of whether defendant acted with the depraved indifference to human life with which he was charged (see, People v Bell, 94 AD2d 894, 896, affd 63 NY2d 796; see also, People v Pobliner, 32 NY2d 356, 370, cert denied 416 US 905). The photographs were properly found admissible (see, People v Stevens, 153 AD2d 768).

Furthermore, there is no evidence that jury deliberations continued during County Court's delay in responding to the jury's request for further information during deliberations (see, People v Hall, 101 AD2d 956, 957). Accordingly, defendant has failed to establish prejudice and the error, if any, was harmless (see, People v Chandler, 110 AD2d 970, 971).

We also find no error in County Court's refusal to charge the defense of justification as requested by the defense, since no reasonable view of the evidence established that defense (see, People v Reynoso, 73 NY2d 816, 818). Review of the record demonstrates that there was sufficient evidence to establish defendant's guilt of murder in the second degree (including the element of a depraved. indifference to human life) beyond a reasonable doubt (see, People v Kibbe, 35 NY2d 407, 413; see also, People v Stewart, 40 NY2d 692, 697) and that "the wounds inflicted by the defendant operated as causes of death" (People v Kane, 213 NY 260, 277).

Defendant has also failed to demonstrate that County Court abused its discretion in the sentence it imposed or that extraordinary circumstances exist warranting a reduction in the sentence (see, People v Zerbst, 147 AD2d 844, 846, affd 74 NY2d 888).

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.