■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER MURRAY, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldman, J.), rendered January 3, 1986, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence under Indictment No. 911/85, (2) a judgment of the same court (Vinik, J.), rendered June 19, 1986, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence under Indictment No. 927/85, and (3) a judgment of the same court (Vinik, J.), also rendered June 19, 1986, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence under Indictment No. 4302/84. The appeals bring up for review the denial, after a hearing (Goldman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence, statements, and identification testimony.

Ordered that the judgments are affirmed.

The record reveals that the defendant evaded arrest by pointing a gun at an officer who was attempting to apprehend him in connection with two robberies. Shortly thereafter, the defendant was arrested without a warrant in his girlfriend's apartment, where he was an invited overnight guest. A wrist watch later identified as belonging to one of the defendant's robbery victims was found on his person. After being transported to the precinct and, subsequent to the administering of Miranda warnings, the defendant gave a statement admitting his complicity in the two robberies. He was subsequently identified in lineups by three witnesses as a perpetrator of the robberies.

At the suppression hearing, the defendant argued that the police had impermissibly arrested him without a warrant in violation of Payton v New York (445 US 573). The People argued, in response, that the defendant lacked standing to assert any claimed Payton violation, and that, in any event, his girlfriend's mother had consented to the warrantless entry of the police into the apartment. The hearing court concluded,

*inter alia,* that the defendant was without standing as an overnight guest to assert that the warrantless arrest was violative of the *Payton* rule and did not reach the issue of consent.

At the outset, we note that the Supreme Court has recently held that an individual's status as an overnight guest in a home is sufficient to establish an expectation of privacy in the home that society is prepared to recognize as reasonable under the Fourth Amendment *(see, Minnesota v Olson,* 495 US 91, 109 L Ed 2d 85). Accordingly, the hearing court's determination with respect to the defendant's lack of standing constituted error. Nevertheless, even if consent had not been obtained and a *Payton* violation did occur, an affirmance would still be warranted under the circumstances presented.

The United States Supreme Court has also recently held that, "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside his home, even though the statement is taken after an arrest made in the home in violation of Payton" *(New York v Harris,* 495 US 14, 109 L Ed 2d 13, 22). Since, in the case at bar, the police clearly possessed probable cause to arrest the defendant, any alleged *Payton* violation would not require the suppression of the defendant's precinct statements and the identifications made by the victims *(see, People v Ayala,* 165 AD2d 878; *People v Thomas,* 164 AD2d 874). Although the watch would, as the People concede, be subject to suppression, there is no need to reach the merits of the suppression issue, because the admission of the watch, if error, was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt.

We have reviewed the defendant's remaining contentions, including those set forth in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see, People v Barbella,* 154 AD2d 687, *cert denied* — US —, 110 S Ct 1931; *People v Lugo,* 150 AD2d 502), or lacking in merit *(see, People v Bing,* 76 NY2d 331; *People v McEachern,* 166 AD2d 614; *People v Rashid,* 164 AD2d 951). Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.