(February 27, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TRAVIS, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 17, 1988, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant and two codefendants were charged with two counts of murder in the second degree (Penal Law § 125.25 [1], [2]) in an indictment arising out of an incident that occurred on February 21, 1987. The indictment alleged in each count that the three codefendants caused the death of Benito Solar by "punching, kicking, and jumping on [his] head and torso". All three codefendants were tried jointly before a jury at which the People presented the testimony of three eyewitnesses; Richard Marrero, Solar's friend, James Nelson, a 15-year-old bystander, and Erica Pettigrew, who observed the incident from her second floor residence. Marrero testified that he saw defendant repeatedly kick Solar in the face. Nelson, who had seen defendant many times in the area, testified that he saw defendant and another man* "stomping [Solar], pushing him in [the] face, kicking him and everything". The attack continued for 15 or 20 minutes. Pettigrew also testified that she observed the two men kicking and beating Solar, stomping on his head while Solar was lying there apparently unconscious. A police officer testified that Solar was beaten beyond recognition, that he "was very, very badly beaten around the face". A paramedic at the scene also testified to Solar's "unrecognizable" condition. Solar was taken from the scene and admitted to the hospital in critical condition, where he stayed until he died on March 7, 1987.

The jury found defendant guilty of murder in the second degree in causing the death of another person under circum-

---

* The conviction of codefendant Dwayne J. Graham was recently affirmed by this court in *People v Graham* (161 AD2d 836, *lv denied* 76 NY2d 788).

stances evincing a depraved indifference to human life in violation of Penal Law § 125.25 (2). Thereafter, County Court sentenced defendant to a prison term of 25 years to life. This appeal ensued.

Defendant contends on this appeal that (1) County Court improperly denied his motion to suppress identification testimony of certain witnesses, (2) County Court improperly denied a trial severance to defendant, (3) the evidence failed to establish that Solar's death was caused by defendant's actions, (4) County Court improperly charged the jury concerning the cause of death, (5) County Court's delay in responding to the jury's request during deliberations was prejudicial, and (6) the sentence was excessive. We find the arguments for reversal to be without merit. The judgment of conviction should therefore be affirmed.

Regarding defendant's attack on photographic identification procedures as impermissibly suggestive, we find to the contrary. We note, as well, that the witnesses had adequate time and opportunity to observe defendant kick and stomp Solar and to form an independent basis for their in-court identification. Thus, their testimony would have been admissable on this basis as well (see, People v Butts, 154 AD2d 729, 730, lv denied 75 NY2d 867; People v Thomas, 138 AD2d 760, lv denied 72 NY2d 867).

We also find no merit in defendant's contention that County Court improperly denied his motion for a severance. County Court did not err in this regard since defendant did not show good cause for the severance (see, CPL 200.40 [1] [d] [iii]; People v Mahboubian, 74 NY2d 174, 183-184; see also, People v Jean-Pierre, 169 AD2d 932, 934, lv denied 77 NY2d 962).

Defendant's contention that the proof failed to establish that defendant's conduct was a sufficiently direct cause of death is also without merit. The record discloses that due to the severity of the facial fractures, the victim endured a tracheostomy and was maintained on a ventilator. The physician who performed the autopsy testified that the immediate cause of death was respiratory failure caused by the accumulation of mucus in the airways and bronchi and the accumulation of fluid in the lungs occurring because the injuries to the head prevented Solar from expectorating. In his opinion, the ultimate cause of death was the injury to the head. Thus, there was sufficient evidence for the jury to find that defendant's actions caused Solar's death (see, People v Graham, 161 AD2d 836, 839, lv denied 76 NY2d 788).

We next reject defendant's contention that County Court's charge led the jury to believe that if defendant's conduct was merely a direct link in a chain of causation, there was sufficient causation to establish criminal liability. The charge on causation complied with the applicable case law *(see, e.g., People v Stewart,* 40 NY2d 692, 697; *People v Kibbe,* 35 NY2d 407, 413; *People v Bonilla,* 95 AD2d 396, 409, *affd* 63 NY2d 341).

Defendant's next argument for reversal, that County Court's delay in responding to the jury's request during deliberations was prejudicial, is not persuasive. This issue was addressed and found not to be prejudicial to a codefendant by this court in *People v Graham (supra,* at 839) and we see no reason to depart from that holding here. Finally, we find neither extraordinary circumstances *(see, People v Simoens,* 159 AD2d 818, 820, *lv denied* 76 NY2d 743) nor any abuse of discretion by County Court *(see, People v Downer,* 157 AD2d 913, *lv denied* 76 NY2d 787) which would warrant a reduction in defendant's sentence.

Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.

