■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAROD MORSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 31, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and are determined to have been established.

Just prior to being sequestered after its first afternoon of deliberations, the jury requested that the court's instructions concerning murder in the second degree and the lesser included offense of manslaughter in the first degree be read back to them. The court informed the jury that it would read back the instructions on the following day. At 11:20 A.M. the next morning the court received a written request for the "Legal definition of charges for murder 2 and manslaughter 1". Because the Department of Corrections had not yet produced the defendant, counsel was informed that no reply to this question would be forthcoming until the defendant was produced. The jury continued to deliberate and, at 4:30 P.M., returned a verdict of guilty of the crimes of murder in the second degree and criminal possession of a weapon in the fourth degree, without the court having read back the requested instructions. No objection to the jury's continuing deliberations in the absence of the requested reading back of instructions was lodged by the defense counsel until after the jury was dismissed.

The instructions which the jury requested that the court read back to it concerned a central issue in this case, namely, whether or not the defendant intended to kill the decedent. Under the facts of this case, the court's failure to suspend jury deliberations in order that a response could be given to the jury's request in the defendant's presence resulted in serious prejudice to the defendant (see, People v Agosto, 73 NY2d 963; cf., People v Saunders, 165 AD2d 784; People v Butchino, 152 AD2d 854). Therefore, despite the lack of a timely objection (see, People v Udzinski, 146 AD2d 245, 251), a new trial is ordered in the interest of justice (CPL 470.15 [6] [a]). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.