■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY SANDERS, Appellant. [643 NYS2d 365] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered November 21, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his claim that the court's delay in responding to a jury note severely prejudiced him (*see,* CPL 470.05 [2]; *People v Morse,* 182 AD2d 781; *People v Udzinski,* 146 AD2d 245, 251). In any event, the court responded meaningfully to the jury's request (*see,* CPL 310.30; *People v Malloy,* 55 NY2d 296, 302; *People v Almovodar,* 62 NY2d 126) by providing it with the physical evidence requested and by gathering the transcripts of the testimony requested. In light of the note signed by the foreperson indicating that the testimony was no longer necessary, it is apparent that the jury "sought to resolve a factual question which it could competently resolve itself" (*People v Carrero,* 140 AD2d 533, 534), and that the jury was able to "resolve the apparent factual question among its members" upon reviewing the physical evidence (*People v Chandler,* 110 AD2d 970, 971; *see, People v Elie,* 150 AD2d 719; *People v Sturgis,* 124 AD2d 1045). Moreover, the defendant has failed to demonstrate any "serious prejudice" resulting from the court's permitting the jury to determine that it no longer required the requested testimony (*see, People v Lourido,* 70 NY2d 428, 435; *People v Razack,* 196 AD2d 897).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.