■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN SANTIAGO, Appellant. [647 NYS2d 954] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered October 22, 1992, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

Contrary to the defendant's contention, the trial court meaningfully responded to the jury's request for a readback of certain testimony *(see, People v Almodovar*, 62 NY2d 126). While the court only read portions of the requested testimony, it advised the jury that the balance would be read as soon as the court stenographer was able to locate it and at all times indicated its willingness to abide by the wishes of the jurors *(see, People v Elie*, 150 AD2d 719).

However, the trial court failed to specifically pronounce sentence on each of the counts of which the defendant was convicted. Specifically, the court did not pronounce a sentence for the conviction of criminal possession of a weapon in the third degree and only mentioned one sentence for reckless endangerment in the first degree when the defendant was convicted of two counts of that crime. Accordingly, the matter must be remitted for resentencing *(see,* CPL 380.20; *People v Sturgis*, 69 NY2d 816; *People v Charles*, 98 AD2d 780; *People v Hansley*, 88 AD2d 622).

The defendant's claim of ineffective assistance of counsel is premised on facts not contained in the record and, conse-

quently, is not reviewable on this appeal *(see, Matter of Lawyer v Bradley,* 212 AD2d 616; *People v Piparo,* 134 AD2d 295).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.