■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLA HUNT, Also Known as WILLA HUNT-JACKSON, Appellant. [665 NYS2d 170] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) for stabbing her boyfriend in the heart following an argument. Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that it is legally sufficient to establish defendant's guilt beyond a reasonable doubt (*see, People v Bleakley,* 69 NY2d 490, 495). We further conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495).

We reject the contention of defendant that she made a prima

facie showing of racial, sex and age discrimination by the prosecutor during jury selection (*see, Batson v Kentucky,* 476 US 79). Although the prosecutor exercised a peremptory challenge to strike one black female prospective juror, that fact alone is not sufficient to establish a " 'pattern of purposeful exclusion sufficient to raise an inference of discrimination' " (*People v Childress,* 81 NY2d 263, 267; *see, People v Secrest,* 236 AD2d 839, *lv denied* 90 NY2d 863). The prosecutor did not challenge a black male prospective juror (who was challenged by defense counsel), nor did the prosecutor challenge another black female prospective juror, who was seated on the jury.

Supreme Court properly denied defendant's request to charge the defense of justification (*see,* Penal Law § 35.15). There is no reasonable view of the evidence that would support a finding that defendant reasonably believed that she was in imminent danger of being subjected to deadly physical force (*see, People v Watts,* 57 NY2d 299, 301-302; *People v Jackson,* 236 AD2d 821).

We agree with defendant that the People committed a *Rosario* violation when they inadvertently failed to provide defense counsel with an amended statement by a key prosecution witness until after that witness began to testify. The People's delay mandates reversal, however, only when the delay substantially prejudices defendant (*see, People v Martinez,* 71 NY2d 937, 940; *People v Smith,* 190 AD2d 1022, *lv denied* 81 NY2d 976). The court denied defendant's motion for a mistrial, but imposed other appropriate sanctions against the prosecution by granting defendant an adjournment to prepare a proper cross-examination, charging the jury regarding the prosecutor's violation and granting defendant's request to preclude the prosecutor from using the amended statement on redirect examination.

Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.