■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL BOBADILLA, Appellant. [679 NYS2d 620] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered October 1, 1996, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People were properly sanctioned for their delay in turn-

ing over the complainant's Grand Jury testimony by permitting the defendant to recall that witness for further cross-examination without any redirect examination (*see People v Hunt*, 244 AD2d 956; *see also, People v Turcios-Umana*, 153 AD2d 707). Dismissal was not warranted, since the delay did not substantially prejudice the defendant (*see People v Martinez*, 71 NY2d 937; *People v Ranghelle*, 69 NY2d 56; *People v Leon*, 186 AD2d 587).

The defendant further contends that the trial court committed reversible error when it allowed the jury to continue to deliberate while a readback was being prepared in response to a jury note. This claim is unpreserved for appellate review inasmuch as the defendant raised no objection to the procedure used by the court (*see,* CPL 470.05 [2]; *People v Starling*, 85 NY2d 509). In any event, reversal is not warranted. While awaiting the readback, the jury sent out the second note stating that it had reached a verdict. Before taking the verdict, the court gave the jury the opportunity to hear the requested testimony. By declining the court's offer, the jury foreperson indicated that the jurors had resolved the factual dispute by themselves and no longer needed to hear that testimony (*see People v Sanders*, 227 AD2d 506; *People v Chandler*, 110 AD2d 970).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.