■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ORTIZ, Appellant. [697 NYS2d 78] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 13, 1996, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During its deliberations, the jury sent three notes to the Trial Judge requesting evidence. The defendant contends that the Trial Judge committed reversible error by not completing the readback of testimony which was requested in the second note, and by requesting clarification of the third note. However, these contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Starling,* 85 NY2d 509, 516). In any event, these contentions are without merit. The Trial Judge never completed the readback of testimony which was requested in the second note because, after part of the testimony had been read, and a recess taken, the jury sent a note saying that it did not need to hear more.

The Trial Judge requested clarification of the jury's third note, including clarification of what the jury meant when it asked to hear the "beginning" of a witness's testimony. The jury did not respond, but instead continued to deliberate and

found the defendant guilty. Under the circumstances, it was proper for the Trial Judge to request clarification of the jury's third note. At all times, the Trial Judge indicated his willingness to abide by the wishes of the jurors (*see, People v Santiago,* 231 AD2d 652). The fact that the jury reached a verdict before hearing all the testimony it initially requested was not the result of any erroneous action or pressure by the Trial Judge. Furthermore, the substance of the requested testimony was such that there was no prejudice to the defendant. The three eyewitnesses to the robbery, all of whom identified the defendant at the trial as a perpetrator of the robbery, provided similar testimony, and the failure to read back the testimony of any one of them cannot be considered reversible error. Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.