■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ZITO, Appellant. [751 NYS2d 52] —Appeal by the defendant

from a judgment of the County Court, Nassau County (Jonas, J.), rendered November 5, 1997, convicting him of murder in the second degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of stabbing to death his wife's aunt. In its instructions to the jury on the defendant's affirmative defense of extreme emotional disturbance, the trial court stated that, "[u]nlike the heavier burden placed upon the People of proof beyond a reasonable doubt, the law places the burden on the defendant to establish an affirmative defense only by a preponderance of the evidence." The trial court then instructed the jury that the phrase "preponderance of the evidence" refers to the "quality of the evidence, the weight and effect it has on your minds," and that the defendant's burden was met if the evidence he presented to demonstrate that he acted under an extreme emotional disturbance was "of such convincing quality in your judgment as to outweigh the evidence to the contrary." The trial court also instructed the jury on the elements of extreme emotional disturbance and the tests it should apply in determining whether the defendant's actions were, in fact, the result of such a disturbance.

The defendant contends that when the trial court instructed the jury that the proof of the affirmative defense must be "of such convincing quality in your judgment as to outweigh the evidence to the contrary," it increased his burden of proof to a level beyond that required of the prosecution. We disagree.

The trial court specifically stated that the defendant's burden of proof by a preponderance of the evidence was less than the heavier burden borne by the prosecution in proving his guilt beyond a reasonable doubt. In addition, the trial court explained the meaning of the term "preponderance of the evidence," using language that appears in the New York Criminal Jury Instructions (see CJI[NY]2d PL art 125, at 1251-1167 to 1251-1173). When read as a whole, the charge adequately conveyed the legal principles to be applied by the jury in determining whether the defendant had proven by a preponderance of the evidence that he had acted under an extreme emotional disturbance. Thus, the charge was proper (see People v Turcsan, 201 AD2d 595; see also People v Richardson, 294 AD2d 379, lv denied 98 NY2d 701; People v Thomas, 242 AD2d 280).

The defendant's contention that the trial court improperly precluded the jury from hearing a requested readback of

certain testimony is unpreserved for appellate review since the defendant failed to object to the procedure used by the trial court (*see* CPL 470.05 [2]; *People v Bobadilla,* 254 AD2d 493; *People v Sanders,* 227 AD2d 506). In any event, the claim is without merit, as the trial court responded properly and adequately to the jury's request (*see People v Bobadilla, supra* at 494; *see also People v Elie,* 150 AD2d 719).

The defendant's remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.