■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS JAMES, Appellant. [775 NYS2d 561]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 14, 2002, convicting him of murder in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review the claimed instances of prosecutorial misconduct raised on appeal, and we decline to review them in the exercise of our interest of justice jurisdiction (*see People v Balls,* 69 NY2d 641 [1986]; *People v Hinckson,* 266 AD2d 404 [1999]; *People v Scotti,* 220 AD2d 543 [1995]). In any event, the defendant was not deprived of a fair trial as a result of prosecutorial misconduct (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Brosnan,* 32 NY2d 254, 262 [1973]; *People v Dunn,* 158 AD2d 941 [1990]).

The defendant's claim of error in the court's charge on the affirmative defense of extreme emotional disturbance is similarly unpreserved for appellate review (*see People v Udzinski,* 146 AD2d 245, 251 [1989]). In any event, the contention is without

merit, as the court's charge, when read as a whole, "adequately conveyed the legal principles to be applied by the jury in determining whether the defendant had proven by a preponderance of the evidence that he had acted under an extreme emotional disturbance" (*People v Zito,* 299 AD2d 569, 570 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.