■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BROWN, Appellant. [808 NYS2d 88]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered October 24, 2001, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the judgment of conviction must be set aside because the trial court failed to read to counsel or allow counsel to see the jury's notes requesting certain exhibits and a readback of testimony. The defendant's contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Starling, 85 NY2d 509, 516 [1995]; People v Fair, 308 AD2d 597

[2003]; *People v Zito*, 299 AD2d 569, 570-571 [2002]). Unlike the situation presented recently in *People v Kisoon* (23 AD3d 18 [2005]), the record reflects, albeit inferentially, that counsel reviewed the jury's notes. Defense counsel neither objected nor responded in the negative to the contrary when the trial justice stated, "I assume you both saw the notes." We decline to review the defendant's argument in the interest of justice (*see People v Clark*, 298 AD2d 461 [2002]). Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.