■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HODGE, Appellant. [861 NYS2d 131]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered February 25, 2005, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal sale of a controlled substance in the fourth degree (five counts), upon a jury verdict, and sentencing him, as a prior felony offender, to consecutive indeterminate terms of 4½ to 9 years' imprisonment on the convictions of criminal sale of a controlled substance in the third degree, to run concurrently with determinate terms of 1-year imprisonment on the convictions of criminal sale of a controlled substance in the fourth degree.

Ordered that the judgment is modified, on the facts and as a

matter of discretion in the interest of justice, by providing that the terms of imprisonment imposed on counts 10 and 11 of the indictment for the convictions of criminal sale of a controlled substance in the third degree shall run consecutively to each other and concurrently with the remaining terms of imprisonment imposed; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in closing the courtroom to all but the defendant's family and friends during the testimony of three undercover police officers. Each undercover officer testified at a *Hinton* hearing (*see People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) that he or she had lost subjects in connection with the ongoing undercover operation and investigation in which the defendant was arrested and that his or her safety and cases would be jeopardized if his or her identity were revealed (*see Waller v Georgia*, 467 US 39, 48 [1984]; *People v Jones*, 96 NY2d 213 [2001]; *People v Ramos*, 90 NY2d 490, 499 [1997], *cert denied* 522 US 1002 [1997]; *People v Gonzalez*, 43 AD3d 827 [2007]).

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.