■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAIR SMITH, Appellant. [870 NYS2d 46]—

The defendant's contention that the trial court's closure of the courtroom during the testimony of two undercover police officers denied him the right to a public trial is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]). In any event, the defendant's contention is without merit (*see People v Ramos*, 90 NY2d 490, 491 [1997]; *People v Hodge*, 53 AD3d 507 [2008]; *People v Thomas*, 52 AD3d 626 [2008]; *People v Jemmott*, 11 AD3d 638 [2004]; *People v Martinez*, 248 AD2d 730 [1998]).

The defendant also contends that the Supreme Court's response to the jury's request for a readback of certain testimony denied him a fair trial. Since the defendant did not object to the court's response, the issue is unpreserved for appellate review (*see People v Morris*, 2 AD3d 652 [2003]). In any event, the Supreme Court providently exercised its discretion in seeking clarification of the jury's request for a readback of the three police officers' testimony (*see People v Cottrel*, 275 AD2d 644 [2000]; *People v Ortiz*, 265 AD2d 431 [1999]). Moreover, the court did not pressure the jury to abandon its initial request to hear the testimony of the three police officers. The court advised the jury that "[it would] have no problem of [*sic*] doing it" and "[it was] happy to do it," indicating a willingness to abide by the wishes of the jury (*see People v Santiago*, 231 AD2d 652 [1996]; *People v Elie*, 150 AD2d 719 [1989]).

The defendant's remaining contentions are without merit. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.