Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered November 10, 2009, convicting him of robbery in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court violated CPL 310.30 and deprived him of a fair trial by failing to meaningfully respond to a certain jury note is unpreserved for appellate review (see CPL 470.05 [2]; People v Ramirez, 15 NY3d 824, 825 [2010]; People v Starling, 85 NY2d 509, 516 [1995]; People v Walston, 101 AD3d 1156, 1157 [2012]; People v Battle, 15 AD3d 413, 414 [2005]). In any event, the contention is without merit (see People v Smith, 57 AD3d 579, 580 [2008]; People v Albanese, 45 AD3d 691, 692 [2007]; People v Bobadilla, 254 AD2d 493, 494 [1998]; People v Davis, 247 AD2d 404 [1998]; People v Santiago, 231 AD2d 652, 652 [1996]; People v Sanders, 227 AD2d 506 [1996]; People v Elie, 150 AD2d 719, 720 [1989]).
The defendant’s contention that the prosecutor improperly cross-examined him regarding his prearrest silence and used his prearrest silence to impeach his credibility during summation is unpreserved for appellate review (see CPL 470.05 [2]; People v Loaiza, 201 AD2d 587, 587-588 [1994]). In any event, any error resulting from the prosecutor’s use of the defendant’s prearrest silence for impeachment purposes was harmless, since the evidence of the defendant’s guilt was overwhelming, and there was no reasonable possibility that the error might have contributed to the conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to the defendant’s contention, the Supreme Court properly refused to admit the criminal complaint into evidence as a prior inconsistent statement of a complainant absent proof that the complainant signed, prepared, or verified the accuracy of the complaint (see People v Bernardez, 85 AD3d 936, 937 [2011]; People v White, 272 AD2d 239, 240 [2000]; People v Gooding, 202 AD2d 375, 376 [1994]). Since the defendant never objected to the exclusion of the complaint on any constitutional ground, his contentions that the ruling deprived him of his constitutional rights to confront the witnesses against him and *483 to present a defense are unpreserved for appellate review (see CPL 470.05 [2]; People v Olibencia, 45 AD3d 607, 608 [2007]). In any event, the contentions are without merit.
Defense counsel’s failure to raise certain objections did not constitute ineffective assistance of counsel (see People v Stultz, 2 NY3d 277, 287 [2004]; People v Rivera, 71 NY2d 705, 709 [1988]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit. Mastro, J.P, Lott, Austin and Sgroi, JJ., concur.