People v Brown (2025 NY Slip Op 04187)

People v Brown

2025 NY Slip Op 04187

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-09941
 (Ind. No. 2623/18)

[*1]The People of the State of New York, respondent,
v
Micah Brown, appellant.

Gail Gray, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered December 7, 2022, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with murder in the second degree (Penal Law § 125.25[1]) and criminal possession of a weapon in the fourth degree (id. § 265.01[2]), in connection with an incident in February 2018, during which the victim was fatally stabbed. Following a jury trial, the defendant was convicted of both counts.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Cooper, 237 AD3d 844, 845).
The Supreme Court properly denied the defendant's request for a cause of death charge (see CJI2d[NY] Penal Law art 125; Cause of Death). When viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence that would support a finding that there was an issue concerning whether the defendant's conduct was a sufficiently direct cause of death (see People v Ryan, 161 AD3d 893, 895-896).
"A trial court is vested with discretion in framing its response to a jury note because it is in the best position to evaluate the jury's request in the first instance, but the court's response must be meaningful" (People v Mattison, 162 AD3d 905, 907; see CPL 310.30; People v Malloy, 55 NY2d 296, 302). "'In determining whether the trial court has responded meaningfully to the jury's request for further instruction, the factors to be evaluated are the form of the jury's question, the particular issue of which inquiry is made, the supplemental instruction actually given, and the presence or absence of prejudice to the defendant'" (People v Bohn, 198 AD3d 669, 671 [internal [*2]quotation marks omitted], quoting People v Williams, 150 AD3d 902, 904; see People v Malloy, 55 NY2d at 302). Although the better practice would have been for the Supreme Court to provide the jury with a readback when a request was made, under the circumstances, the court did not improvidently exercise its discretion in seeking clarification of the jury's request for a readback of the testimony of three witnesses for the People (see People v Joseph, 145 AD3d 916, 917; People v Smith, 57 AD3d 579, 580). Indeed, the court unequivocally advised the jury multiple times that it could have the entire requested readback or any portion thereof if it wished to narrow its request, thereby clearly indicating a willingness to abide by the wishes of the jury (see People v Smith, 57 AD3d at 580). Accordingly, under the circumstances presented by this case, contrary to the defendant's contention, the court gave a meaningful response to the jury's request for a readback of the testimony of certain witnesses for the People (see People v Joseph, 145 AD3d at 917; People v Smith, 57 AD3d at 580).
Moreover, the defendant's contention that he was deprived of the effective assistance of counsel is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Wright, 237 AD3d 758, 759), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court