■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE CARRAQUILLO, Appellant. [608 NYS2d 461] —Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 17, 1992, convicting defendant, after jury trial, of one count each of criminal sale and possession of a controlled substance in the third degree, and sentencing him, as a

second felony offender, to concurrent terms of 5 to 10 years on each count, unanimously affirmed.

Defendant's claim on appeal that the prosecutor's delayed disclosure of a document directed by the trial court to be redacted so as to preserve only a portion deemed by the court to constitute *Rosario* material was made at a time when that information was no longer useful, is both unpreserved *(People v Jackson,* 78 NY2d 900), and belied by the record. As defendant sought no remedy following the trial court's direction that the document in question be turned over, declined the opportunity to call or recall relevant and available witnesses, and made extensive use of the information contained in the document in question (as well as in numerous other documents turned over to the defense prior to trial) through cross-examination of the People's witnesses, he cannot reasonably claim substantial prejudice due to the delayed disclosure that would warrant reversal in the interest of justice *(People v Banch,* 80 NY2d 610, 617).

Defendant's claims of prosecutorial misconduct during summation are unpreserved *(People v Balls,* 69 NY2d 641). In any event, the comments now complained of constituted appropriate response to the defense summation which repeatedly argued that the police witnesses lied and deliberately arrested an innocent man to effect an unwritten "body quota" *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.