■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ALVAREZ, Appellant. [658 NYS2d 837] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered March 31, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 2 to 6 years, unanimously affirmed.

Since defendant expressly agreed to the remedy fashioned by the court, and implicitly abandoned any prior objections, he has not preserved for appellate review his argument that the prosecutor's late disclosure of a *Rosario* document deprived him of a fair trial (*see, People v Carraquillo*, 202 AD2d 253, 254, *lv denied* 84 NY2d 823), and we decline to reach the issue in the interest of justice. Were we to review it, we would find that defendant has not demonstrated that he was substantially prejudiced by the prosecutor's inadvertent late production of the document (*see, People v Martinez*, 71 NY2d 937, 940; *compare, People v Thompson*, 71 NY2d 918).

The challenged portions of the prosecutor's summation were fair comments upon the evidence, did not exceed the broad bounds of permissible rhetoric and were responsive to arguments raised by defendant's summation (*see, People v D'Alessandro*, 184 AD2d 114, 119, *lv denied* 81 NY2d 884).

Defendant's claim that the court should have instructed the jury to cease deliberations until a response to their note could be provided is unpreserved for review, since defendant waived any objection (*see, People v Frye*, 192 AD2d 412, *lv denied* 82 NY2d 894), and is, in any event, without merit (*see, People v Wilson*, 202 AD2d 353, 354, *lv denied* 83 NY2d 973; *People v Barbella*, 154 AD2d 687, *lv denied* 75 NY2d 810, *cert denied* 495 US 908). Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.