■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOS KITSOS, Appellant. [750 NYS2d 68] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered July 25, 1995, convicting defendant, after a jury trial, of two counts of bribe receiving in the third degree and two counts of receiving unlawful gratuities, and sentencing him to an aggregate term of five years probation with community service, unanimously affirmed.

The verdict was based on legally sufficient evidence. The evidence established the "understanding" required for a conviction of bribe receiving (Penal Law § 200.10). The benefits offered by the two plumbers were offered with the understanding that defendant, a plumbing inspector, would perform inspections and deliver inspection reports expeditiously, which was a matter of significant economic importance to the plumbers. Defendant's conduct confirmed that he had a similar under-

standing (*see People v Tran*, 80 NY2d 170, 175-178). It is immaterial that there was no understanding that defendant would also engage in any affirmative acts of misconduct such as approving unsatisfactory work.

The accomplice corroboration requirement of CPL 60.22 (1) was satisfied. Although each of the two plumbers was defendant's accomplice, the testimony of each could corroborate the testimony of the other, since the two incidents, while factually similar, were unrelated for purposes of the accomplice corroboration rule. There is no evidence that the plumbers ever participated in the same offense charged or an offense based upon the same facts or conduct (*see* CPL 60.22 [2]; *People v Cobos*, 57 NY2d 798; *People v Cruz*, 291 AD2d 1, *lv denied* 97 NY2d 752).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Rosenberger, Rubin and Gonzalez, JJ.