■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DENNIS, Appellant. [866 NYS2d 28]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered October 19, 2005, convicting defendant, after a jury trial, of robbery in the first degree (two counts), and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.

Defendant abandoned his request for an adverse inference charge concerning a missing police document when he expressly agreed to an alternative remedy fashioned by the court, in which the parties stipulated to the content of the missing document.

Under the circumstances of the case, the stipulation was more favorable to defendant than an adverse inference instruction would have been, and the record does not support defendant's present claim that he agreed to the stipulation only as a fallback position on constraint of the court's denial of the instruction. Accordingly, defendant has not preserved his argument that he was entitled to a sanction for the loss of the document (*see People v Alvarez*, 239 AD2d 263 [1997], *lv denied* 90 NY2d 1009 [1997]) and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. This stipulation was more than adequate to prevent any prejudice to defendant.

The court properly exercised its discretion in permitting the prosecutor to ask questions of a witness on redirect examination that the prosecutor had simply forgotten to ask on direct (*see People v Olsen*, 34 NY2d 349, 353-354 [1974]; *see also People v Kelsey*, 194 AD2d 248 [1994]; *see also People v Whipple*, 97 NY2d 1 [2001]).

The court also properly exercised its discretion in admitting rebuttal testimony that tended to refute defendant's version of the events (*see People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983]). Even if some of the testimony was "not technically of a rebuttal nature," the court had discretion to allow it (CPL 260.30 [7]), and defendant was not unduly prejudiced.

Defendant's challenges to the prosecutor's cross-examination and summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. There was no shifting of the burden of proof in either instance.

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Catterson, McGuire, Acosta and DeGrasse, JJ.