THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE JAMES, Appellant. [934 NYS2d 619]—

Mercure, A.P.J.

In December 2009, City of Albany police officers were surveilling a suspected "smokehouse" where crack cocaine was allegedly purchased and consumed. Defendant paid a brief visit to the building and, after getting into his vehicle to leave, he failed to signal when maneuvering his car into traffic. A waiting patrol car was instructed to stop his vehicle, but defendant fled when the stop was attempted. Although he was taken into custody at a nearby apartment complex after a brief chase, officers had lost sight of defendant's vehicle during the pursuit and no contraband was found on his person or in his vehicle when he was apprehended. A resident of the apartment complex notified police, however, that he had observed defendant walk along the side of a nearby building just prior to their arrival, and a search of that area disclosed a substantial amount of crack cocaine.

Defendant was thereafter charged in an indictment with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, aggravated unlicensed operation of a motor vehicle in the third degree, reckless driving and unlawfully fleeing a police officer in a motor vehicle in the third degree. He was found guilty as charged following a jury trial, and County Court sentenced him to an aggregate prison term of eight years to be followed by postrelease supervision of three years. Defendant appeals and we affirm.

Defendant initially argues that his conviction upon the criminal possession of a controlled substance counts was unsupported by legally sufficient evidence and against the weight of the evidence. Specifically, he contends that the People failed to establish that he knowingly possessed crack cocaine or that he intended to sell it (see Penal Law § 220.09 [1]; § 220.16 [1]).* We disagree.

Evidence was presented at trial that defendant visited a suspected "smokehouse" that had been the scene of several prior narcotics arrests, fled when investigators attempted to stop his vehicle, and was alone in the area where the drugs were found immediately before police arrived (see People v Recore, 56 AD3d 1233, 1234 [2008], lv denied 12 NY3d 761 [2009]). Although defendant attacks the credibility of the witness who saw him in the area where the drugs were found, that issue was fully explored upon cross-examination and presented a credibility question that was properly resolved by the jury (see People v Davis, 83 AD3d 1210, 1211 [2011], lv denied 17 NY3d 794 [2011]). The jury was likewise free to credit the testimony of a police officer who had undergone training with regard to narcotics offenses and made numerous narcotics-related arrests, and opined that the amount of the crack cocaine recovered and its packaging in individually wrapped bags was consistent with an intent to sell it (see id.; see also People v Sudler, 75 AD3d 901, 905 [2010], lv denied 15 NY3d 956 [2010]). In light of the foregoing, we conclude that defendant's conviction upon the first and second counts of the indictment was based upon legally sufficient evidence and was not against the weight of the evidence.

* Defendant did not advance the latter point in his trial motion to dismiss and, therefore, this issue is not properly preserved (see People v Salaam, 46 AD3d 1130, 1131 [2007], lv denied 10 NY3d 816 [2008]). Nonetheless, we necessarily consider whether all elements of the charged crimes were established beyond a reasonable doubt in the context of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 349 [2007]).

We reject defendant's argument that County Court erred in permitting an investigator who had discovered the drugs at the apartment complex to identify, upon redirect examination, a trial exhibit consisting of those drugs. The investigator testified on direct and cross-examination regarding finding the drugs and turning them over to another officer, who had previously identified the trial exhibit. During the direct examination of the investigator, however, the People neglected to obtain his identification of the trial exhibit and move it into evidence. The scope "of redirect examination is, for the most part, governed by the sound discretion of the trial court" and, given the lack of any prejudice to defendant, we cannot say that County Court abused its discretion in permitting the People to cure the omission (*People v Melendez*, 55 NY2d 445, 451 [1982]; *see People v Guitierrez*, 74 AD3d 1834 [2010], *lv denied* 15 NY3d 852 [2010]; *People v Dennis*, 55 AD3d 385, 386 [2008], *lv denied* 12 NY3d 783 [2009]).

Defendant also asserts that certain remarks made by the prosecutor in his summation were prejudicial and constitute reversible error. Defense counsel contended that the drugs were found in a crime-ridden neighborhood and that, as a result, there was a reasonable doubt as to whether defendant had possessed them. Counsel elicited from the witness who observed defendant prior to the arrival of police that local residents were afraid to call the police and that there were "[r]epercussions for doing the right thing," a remark counsel stressed in his summation while attacking that witness's credibility. In our view, the prosecutor's comment that the witness testified notwithstanding those repercussions constituted a fair response to defense counsel's argument (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Hughes*, 280 AD2d 694, 696-697 [2001], *lv denied* 96 NY2d 801 [2001]).

Finally, we have considered defendant's remaining argument that his sentence was harsh and excessive and find it to be lacking in merit.

Peters, Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.