# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**961**

**KA 12-01586**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRIAN K. HUTCHINGS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered May 26, 2011.  The judgment convicted defendant, upon a jury verdict, of bribe receiving in the third degree, receiving reward for official misconduct in the second degree, official misconduct, coercion in the second degree (three counts), falsifying business records in the first degree, offering a false instrument for filing in the second degree, falsely reporting an incident in the third degree, making a punishable false written statement, obstructing governmental administration in the second degree and harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, bribe receiving in the third degree (Penal Law § 200.10), and in appeal No. 2, he appeals from a judgment convicting him upon a jury verdict of, inter alia, a separate count of bribe receiving in the third degree (*id.*).

We reject defendant's contention in both appeal Nos. 1 and 2 that his conviction for bribe receiving in the third degree is not supported by legally sufficient evidence.  In each case, the People presented legally sufficient evidence from which the jury could find that defendant accepted free or discounted goods or services from local companies "upon an agreement or understanding" that defendant's "opinion, judgment, action, decision or exercise of discretion as a public servant" would be influenced thereby (Penal Law § 200.10; *see People v Bac Tran*, 80 NY2d 170, 175-176, *rearg denied* 81 NY2d 784; *People v Harper*, 145 AD2d 933, 933, *affd* 75 NY2d 313; *People v Kitsos*, 299 AD2d 291, 291-292, *lv denied* 100 NY2d 540; *People v Souvenir*, 209 AD2d 455, 455-456, *lv denied* 85 NY2d 914).  Furthermore, viewing the

evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve his contention that he was deprived of his right to a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant's contention that County Court should have taken judicial notice of 17 NYCRR 820.13 was abandoned by his express agreement to the court's instruction to the jury on the lawful stop of a vehicle (*see People v Graves*, 85 NY2d 1024, 1027; *People v Dennis*, 55 AD3d 385, 385, *lv denied* 12 NY3d 783; *see also* CPL 470.05 [2]), which conveyed the appropriate legal standard to the jury in any event (*see People v Fields*, 87 NY2d 821, 823; *People v Rose*, 67 AD3d 1447, 1448). We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: September 26, 2014                    Frances E. Cafarell
                                                Clerk of the Court