People v Harris (2018 NY Slip Op 07899)





People v Harris


2018 NY Slip Op 07899


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1172 KA 16-01761

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DESHAWN HARRIS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
DESHAWN HARRIS, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 31, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]). Defendant contends that Supreme Court erred in denying his challenge for cause of a prospective juror. Although defendant exhausted his peremptory challenges and therefore "[a]n erroneous ruling by the court denying a challenge for cause [would] constitute reversible error" (CPL 270.20 [2]; see generally People v Thompson, 21 NY3d 555, 560 [2013]), we nevertheless reject that contention (see generally People v Johnson, 94 NY2d 600, 616 [2000]). The prospective juror stated that he had recognized the name of a police detective involved in the case. Following questioning by the court regarding whether that would affect his ability to be fair and unbiased, the prospective juror replied, "I doubt it." The prospective juror also answered that he "believed so" when he was questioned by the court regarding whether he could separate the instant shooting from two shootings that he had witnessed years ago. When further questioned by defense counsel if he would "lean one way or another in this type of case," the prospective juror answered, "No." We conclude that the prospective juror's "statements here, taken in context and as a whole, were unequivocal" with respect to his ability to be fair and impartial (People v Chambers, 97 NY2d 417, 419 [2002]; see People v Smith, 126 AD3d 1528, 1530 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]).
Contrary to defendant's further contention, the court did not abuse its discretion in permitting the prosecutor to ask questions of a witness on redirect examination regarding the witness's disability that the prosecutor did not address on direct examination with that witness and that were not raised during cross-examination (see People v Dennis, 55 AD3d 385, 386 [1st Dept 2008], lv denied 12 NY3d 783 [2009]). The questions were brief, and were used to support the People's theory that defendant must have been the shooter inasmuch as the witness had a disability, making it unlikely that the witness was the shooter. Moreover, defense counsel had an opportunity to re-cross-examine the witness with respect to that topic, but he did not avail himself of that opportunity.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant's contention that the sentence is unduly harsh and severe.
We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that they are either unpreserved for our review or without merit.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court