People v Graseck (2021 NY Slip Op 50627(U))

[*1]

People v Graseck (Jonas)

2021 NY Slip Op 50627(U) [72 Misc 3d 129(A)]

Decided on July 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2018-2063 S CR

The People of the State of New York,
Respondent,
against
Jonas M. Graseck, Appellant. 

Blangiardo & Blangiardo (Frank J. Blangiardo of counsel), for appellant.
Suffolk County District Attorney (Kathleen Becker Langlan of counsel), for respondent.

Appeal from four judgments of the Justice Court of the Town of Southold, Suffolk County
(Eileen Powers, J.), rendered August 24, 2018. The judgments convicted defendant, upon a jury
verdict, of driving while intoxicated (per se) and driving while intoxicated (common law),
operating an unregistered vehicle, and two charges of speeding, respectively, and imposed
sentences.

ORDERED that so much of the appeal as is from the three judgments convicting defendant
of operating an unregistered vehicle and two charges of speeding, respectively, is dismissed as
abandoned; and it is further,
ORDERED that the judgment convicting defendant of driving while intoxicated (per se) and
driving while intoxicated (common law) is affirmed.
Defendant was charged in a two-count information with driving while intoxicated (per se)
(Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle
and Traffic Law § 1192 [3]), and, in three separate simplified traffic informations with
operating an unregistered vehicle (Vehicle and Traffic Law § 401 [1] [a]) and two charges
of speeding (Vehicle and Traffic Law § 1180 [a], [b]), respectively. Following a jury trial,
defendant was convicted of all charges and the Justice Court imposed sentences. Defendant
appeals from all four judgments, but only challenges the judgment convicting him of violating
Vehicle and Traffic Law § 1192 (2) and (3), contending that the trial court committed
reversible error by allowing the prosecution to introduce a chemical breath analysis report into
evidence on the redirect examination of a breath technician.
Generally, the scope of redirect examination is governed by the sound discretion of the trial
court (see People v Melendez, 55 NY2d 445 [1982]). A court is not prevented from
admitting evidence on redirect examination that would have been better proffered upon direct
examination (see People v James,
90 AD3d 1249 [2011]). Additionally, while the accuracy of breath analysis instruments used
for measuring blood alcohol content (BAC) are recognized (see People v Mertz, 68 NY2d
136, 148 [1986]; People v
Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2016]), before the results of such a breath analysis can be admitted into
evidence, the People must establish that the instrument, in this case an Intoxilyzer 9000, was
accurate, that it was working properly when the breath test was performed and that the test was
properly administered (see People v
Boscic, 15 NY3d 494, 498 [2010]; People v Campbell, 73 NY2d 481 [1989];
People v Freeland, 68 NY2d 699, 700 [1986]; People v Flores, 62 Misc 3d 46 [App Term, 2d Dept, 9th &
10th Jud Dists 2018]). The People may establish that the particular instrument was working
properly by submission of the records of its calibration and maintenance covering the period of
when it was used to test the defendant (see Boscic, 15 NY3d at 498; Bankupally,
51 Misc 3d 144[A], 2016 NY Slip Op 50710[U]), which is also all that is necessary to ensure
that the instrument was "capable of producing accurate information when [the] defendant was
tested" (Boscic, 15 NY3d at 500). The last condition is satisfied by proof of "the manner
in which the instrument had been activated, the procedure the officer had employed to run the
instrument's self-diagnostic and self-calibrating pre-test functions, the adequacy of the
observation period, and the propriety of the manner in which he [or she] had obtained a breath
sample" (Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U], *2; see
Flores, 62 Misc 3d at 51). Furthermore, as the test here was administered "by an individual
possessing a permit issued by the Department of Health," there was "presumptive evidence that
the examination was properly given" (Vehicle and Traffic Law § 1194 [4] [c]; see
Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U]).
As the People had established a sufficient foundation on direct examination for the
admissibility of defendant's BAC test results, i.e., an Intoxilyzer 9000 printout, we find that it
was not an improvident exercise of its discretion for the Justice Court to have allowed the
prosecution to introduce the printout into evidence on the redirect examination of the breath
technician (see Boscic, 15 NY3d at 498; People v DeMarasse, 85 NY2d 842, 845
[1995]; Mertz, 68 NY2d at 148; Flores, 62 Misc 3d 46; Bankupally, 51
Misc 3d 144[A], 2016 NY Slip Op 50710[U]). In any event, even assuming the Justice Court
erred in admitting the challenged evidence, the error was harmless beyond a reasonable doubt in
view of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36
NY2d 230, 241-242 [1975]), which included: the arresting officer's testimony that he had
observed defendant exhibiting indicia of intoxication when he exited the vehicle and that
defendant had failed standardized field sobriety tests; the breath technician's testimony as to the
results of the Intoxilyzer 9000 chemical breath test; and defendant's admissions to both officers
that he had consumed alcoholic beverages before operating his vehicle.
Accordingly, the judgment convicting defendant of driving while intoxicated (per se) and
driving while intoxicated (common law) is affirmed.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2021